# EXHIBIT E



CONSTITUTIONAL LAW CENTER
*for* MUSLIMS *in* AMERICA

CLCMA

T  972.914.2507
F  972.692.7454

833 E. Arapaho Road
Suite 102
clcma.org          Richardson, TX 75081

<u>Sent via Fax & USPS</u>
Jay E. Town
US Attorney, Northern District of Alabama
1801 – 4th Ave. N.
Birmingham, Alabama 35801
SENT VIA FAX: (205) 244-2171

RE: HODA MUTHANA

January 15, 2019

Dear Mr. Town,

This letter is to inform you that Hoda Muthana has been successful in her efforts to escape ISIS-controlled territory and presented herself and her child to military forces controlling Al Haskah, Syria. She is currently at Camp Al Hawl. She is believed to have made contact with representatives from the International Committee for the Red Cross (ICRC) to whom she has disclosed her identity as a United States citizen. Through counsel, she again communicates her desire to return to the United States, and in the event that charges are currently pending against her, she reiterates her willingness to voluntarily surrender and accept extradition. By separate letter, counsel has notified the ICRC of Ms. Muthana's request and her desire, pursuant to Article 48 of the Fourth Geneva Convention, to return to the United States. Apart from her rights under Article 48, as United States citizen Ms. Muthana is entitled to repatriation to the United States. *(See Nguyen v. INS 533 US 53, 67 (2001)).*

In making this request for repatriation, counsel is aware that the Immigration and Naturalization service disputed Mr. Muthana's citizenship on the basis that she was a family member of a foreign diplomat and therefore excluded from citizenship at the time of her birth. Counsel disputes that her father's position as a United Nations Diplomat would have excluded her from birth citizenship and asserts that having recognized her citizenship, it could only be revoked by proceedings under *8 U.S.C. § 1451*. This issue, however, is precluded by the fact that Ms. Muthana's father, left his position as a United Nations diplomat and continued to reside in the United States prior to her birth, as such she is clearly a United States citizen pursuant to *United States v. Wong Kim Ark*, 169 U.S. 649 (1898) and its progeny. Accordingly, Ms. Muthana is entitled to be repatriated upon confirmation of her identity.

Finally, I noted that I did not receive a reply to my first letter. I attributed this to the fact that Ms. Muthana was in an enemy controlled territory, and according the United States lacked the means to affect her surrender and/or return to the United States. Ms. Muthana's change in location to territory controlled by forces working with the United States mutes the United States inability to take action to affect her return.  As a United States citizen her return is obligated under both supreme court case law and the United States treaty obligation under Article 48 of the Fourth Geneva Conventions, Relative to the Protection of Civilian Persons in Time of War, of 1949. The only remaining reason for not affecting Ms. Muthana's return, is despite her father's documentation reestablishing that he was not a diplomat, the United States continues to maintain that Ms. Muthana is not a United States citizen and, therefore, not entitled to repatriation. In the event that I do not receive assurances that the United States reorganizing Ms. Muthana's citizenship and is working to affect her return within seven days of the date of this letter, I will consider it as a denial of Ms. Muthana's citizenship by the United States and take judicial action seeking her return.

You are also reminded that Ms. Muthana is represented by counsel and should not be interrogated regarding any aspects of her travel to Syria, her intentions regarding such travel, or her activities in Syria without prior consent of Counsel. Should you have any questions or wish to discuss the issues raised here in please contact me by phone or email at your earliest opportunity. Your prompt attention in this matter is appreciated.

Sincerely,

Charles D. Swift
Director & Attorney
Constitutional Law Center for Muslims in America