**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AHMED ALI MUTHANA, individually, and as next friend of Hoda Muthana and Minor John Doe, <br><br> Plaintiff, <br> v. <br><br> MICHAEL POMPEO, in his official capacity as Secretary of the Department of State, <u>et al.</u>, <br><br> Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 19-445 (RBW)

## <u>ORDER</u>

On February 21, 2019, the plaintiff, Ahmed Ali Muthana, individually and as the next friend of his daughter, Hoda Muthana, and grandson, John Doe, initiated this civil action against the defendants, Michael Pompeo, in his official capacity as the Secretary of the Department of State; Donald J. Trump, in his official capacity as President of the United States; and William Barr, in his official capacity as Attorney General of the United States, <u>see</u> Expedited Complaint for Declaratory Judgment, Injunctive Relief and Petition for Writ of Mandamus (the "Complaint" or "Compl.") at 1, seeking expedited (1) "declaratory relief recognizing the citizenship of his daughter and grandson until and [at] such time as her citizenship is validly revoked in accordance with the Constitution and United States statutes," <u>id.</u> ¶ 1; (2) "injunctive and mandamus relief obligating the United States to accept Ms. Muthana and her son back into the United States," <u>id.</u>; and (3) "a declaratory judgment that [the] [p]laintiff . . . is entitled to send his daughter money to ensure the survival of his daughter and grandson, and enable them safe

passage home, without subjecting himself to criminal liability under 18 U.S.C. § 2339B [(2018)]," id.

On February 26, 2019, the Court granted the plaintiff's motion for an expedited hearing on his Complaint, see Min. Order (Feb. 26, 2019).  Then, on March 1, 2019, it granted the plaintiff leave to file a memorandum in support of his Complaint and ordered the defendants to file a response to the plaintiff's Complaint prior to the hearing, see Min. Order (Mar. 1, 2019). On March 4, 2019, after hearing arguments on the parties' respective positions regarding whether expedited consideration of this case is appropriate, the Court denied the plaintiff's request for expedited consideration.  This Order provides the legal basis for the Court's oral rulings issued at the motion hearing held on March 4, 2019.

The plaintiff argues that "[e]xpedited relief is appropriate here because of the precarious position of [his] daughter and grandson at Camp al-Hawl in Syria, under the authority of Kurdish forces."  Compl. ¶ 15.  The plaintiff alleges that "[t]he President of the United States has announced his intent to withdraw [United States] forces from the Syrian conflict, and upon information and belief this withdrawal has commenced," id., and that "[u]pon withdrawal, the ability of the United States to obtain military cooperation from the Kurdish forces, with which they have been previously aligned, will be greatly diminished, if even possible," id.  The defendants respond that the "[p]laintiff's claim that [Ms.] Muthana may suffer harm without judicial intervention is—like h[is] claims for relief—speculative."  Memorandum in Response to the Court's March 1, 2019 Order ("Defs.' Resp.") at 20.  They argue that the "[p]laintiff bases this asserted emergency on the suggestion that the United States will not be able to negotiate with the Kurds after the United States withdraws," id., but "offers no support for why the United

States would lose an ability to <u>negotiate</u> the return of a citizen if the United States is not physically present in Syria," <u>id.</u>

Although the plaintiff does not fashion his request for expedited consideration of this case in the form of a motion for a temporary restraining order or preliminary injunction, the Court concludes that it is appropriate to apply the same framework used to evaluate those types of motions to the plaintiff's request.  Temporary restraining orders and preliminary injunctions are "extraordinary remed[ies] that should be granted only when the party seeking the relief, by a clear showing, carries the burden of persuasion." <u>Chaplaincy of Full Gospel Churches v. England</u>, 454 F.3d 290, 297 (D.C. Cir. 2006) (citation and internal quotation marks omitted).  In determining whether to issue a temporary restraining order or preliminary injunction, <u>see</u> <u>Hall v. Johnson</u>, 599 F. Supp. 2d 1, 3 n.2 (D.D.C. 2009) (noting that the same standard applies to both), a plaintiff must establish "[(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest," <u>Sherley v. Sebelius</u>, 644 F.3d 388, 392 (D.C. Cir. 2011) (quoting <u>Winter v. Nat. Res. Def. Council, Inc.</u>, 555 U.S. 7, 20 (2008)).

A "salient factor in the injunctive relief analysis is irreparable injury," <u>United Farm Workers v. Chao</u>, 593 F. Supp. 2d 166, 168 (D.D.C 2009), and "if a party fails to make a sufficient showing of irreparable injury, the [C]ourt may deny the motion for injunctive relief without considering the other factors," <u>id.</u> at 168–69 (citing <u>CityFed Fin. Corp. v. Office of Thrift Supervision</u>, 58 F.3d 738, 747 (D.C. Cir. 1995)).  The moving party must "demonstrate that irreparable injury is <u>likely</u> in the absence of an injunction," <u>id.</u> (quoting <u>Winter</u>, 555 U.S. at 22), and "must provide proof that the harm has occurred in the past and is likely to occur again,

or proof indicating that the harm is certain to occur in the near future," <u>GEO Specialty Chems., Inc. v. Husisian</u>, 923 F. Supp. 2d 143, 148 (D.D.C. 2013) (quoting <u>Wis. Gas Co. v. Fed. Energy Reg. Comm'n</u>, 758 F.2d 669, 674 (D.C. Cir. 1985)).

Here, the "plaintiff has not submitted any competent evidence into the record (i.e., affidavits, exhibits) that would permit the Court to assess whether [his daughter], in fact, faces irreparable harm . . . if an injunction is not issued." <u>Barton v. Venneri</u>, No. Civ. A. 05-0669 (JDB), 2005 WL 1119797, at *3 (D.D.C. May 11, 2005).  Rather, as the defendants correctly note, <u>see</u> Defs.' Resp. at 20, the plaintiff's request for expedited consideration rests on "[b]are allegations of what is likely to occur[, which] are of no value to the Court," <u>GEO Specialty Chems.</u>, 923 F. Supp. 2d at 148 (quoting <u>Wis. Gas Co.</u>, 758 F.2d at 674).  Accordingly, the Court concludes that the plaintiff has not satisfied his burden to demonstrate irreparable harm, and denial of expedited consideration of this case is appropriate without evaluating the remaining factors.  <u>See</u> <u>United Farm Workers,</u> 593 F. Supp. 2d at 168.  For the foregoing reasons, and consistent with the Court's oral rulings issued at the motion hearing held on March 4, 2019, it is hereby

**ORDERED** that the plaintiff's request for expedited consideration of this case raised in the plaintiff's Expedited Complaint for Declaratory Judgment, Injunctive Relief and Petition for Writ of Mandamus, ECF No. 1, is **DENIED**.

**SO ORDERED** this 11th day of March, 2019.

REGGIE B. WALTON
United States District Judge